# EXHIBIT 2

# UNITED STATES BANKRUPTCY COURT

## FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In Re:

TELESERVICES GROUP, INC.,

        Debtor.

_____/

Chapter 7 – Filed January 21, 2005
Case No. H6 05-00690
Hon. Jeffrey R. Hughes
Bankruptcy Court Judge

THOMAS C. RICHARDSON, Trustee of
Cyberco Holdings, Inc.,

        Plaintiff,

Adv. Pro. No. _____

v

**COMPLAINT**

THE HUNTINGTON NATIONAL BANK,

        Defendant.

Mark A. Kehoe (P28629)
Douglas A. Donnell (P33187)
Mika Meyers Beckett & Jones PLC
Attorneys for Plaintiff Thomas Richardson
900 Monroe, N.W.
Grand Rapids, MI 49503
(616) 632-8000
_____/

      NOW COMES Thomas C. Richardson, Trustee, ("Trustee"), by and through his special litigation counsel, Mika Meyers Beckett & Jones PLC, and for his Complaint against Defendant states as follows:

## JURISDICTION AND VENUE

      1.    The Trustee is the duly appointed and acting Trustee with respect to Teleservices Group, Inc., which case was filed on January 21, 2005.

2. This Court has jurisdiction over this adversary proceeding pursuant to 11 U.S.C. § 157(a) and (b) and 1334, and various other applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the laws of the United States of America.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises in and relates to the Chapter 7 Bankruptcy Proceeding styled *In re: Teleservices Group, Inc.*, Case No. 05-00690.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (F) and (O) in which this Court is authorized and empowered to enter appropriate orders and judgments, subject to review under 28 U.S.C. § 158.

## PARTIES

5. Thomas C. Richardson, Trustee ("Plaintiff") is the duly appointed and acting Trustee in this proceeding pursuant to 11 U.S.C. § 702(d). Accordingly, the Plaintiff is authorized and empowered to file, prosecute and/or settle all causes of actions including, without limitation, actions pursuant to 11 U.S.C. § 544 *et seq*. ("Avoidance Actions").

6. The Huntington National Bank ("Huntington") is a national bank with its principal offices located in Columbus, Ohio.

7. Huntington received certain transfers, within the meaning of 11 U.S.C. § 101(54) that are subject to avoidance, pursuant to 11 U.S.C. § 5454 *et seq*.

8. This Court has personal jurisdiction over Huntington. Further, Huntington is subject to nationwide service of process, pursuant to Rules 7004(c), 7004(d) and 7004(h) of the Federal Rules of Bankruptcy Procedures.

## GENERAL ALLEGATIONS

9. Cyberco, Inc., a company related to Teleservices, operated a Ponzi scheme. It entered into numerous fraudulent equipment leases with multiple third-party lessors, utilizing the proceeds to pay ordinary operating expenses of Cyberco, maintain the lifestyle of its insiders, and, primarily, to pay prior lease obligations.

10. Cyberco would procure financing, usually by way of an equipment lease to "obtain" computer equipment, typically servers. Teleservices would provide fictitious invoices which were paid by the equipment lessors.

11. In reality, Teleservices never sold any equipment to Cyberco.

## COUNT I
## AVOIDANCE AND PRESERVATION OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(A)

12. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 11 of this Complaint as though fully set forth herein.

13. Within one year before the Petition Date, the Debtor made transfers of interest of the Debtor in property to or for the benefit of the Defendant in the aggregate amount of $50,658,604.54 as more fully described in the attached Exhibit "A" ("Transfers").

14. The Transfers were made with the actual intent to hinder, delay, or defraud an entity to which the Debtor is indebted to or became indebted to after the Transfers occurred.

15. The Defendant did not take such Transfers for value and in good faith and did not give value to the Debtor in exchange for such Transfers.

WHEREFORE, your Plaintiff prays for relief as further set forth herein.

## COUNT II
## AVOIDANCE AND PRESERVATION OF FRAUDULENT
## TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(B)

16. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 15 of this Complaint as though fully set forth herein.

17. Within one year before the Petition Date, the Debtor made the Transfers, which were transfers of interest of the Debtor in property to or for the benefits of the Defendant.

18. The Debtor received less than a reasonably equivalent value in exchange for the Transfers.

19. The Debtor was insolvent on the date of the Transfers, or became insolvent as a result of the Transfers.

20. The Debtor was engaged in a business or a transaction for which property left with the Debtor was an unreasonably small capital.

21. The Debtor intended to incur debts that would be beyond the Debtor's ability to pay as such debts matured.

22. The Defendant did not take such Transfers for value and in good faith and did not give value to the Debtor in exchange for such Transfers.

WHEREFORE, your Plaintiff prays for relief as further set forth herein.

## COUNT III
## AVOIDANCE AND PRESERVATION OF FRAUDULENT
## TRANSFERS PURSUANT TO 11 U.S.C. § 548(a) & 544(b)

23. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 22 of this Complaint as though fully set forth herein.

4

24. 11 U.S.C. § 548 provides that the Trustee may avoid a fraudulent Transfer that was made within one (1) year prior to the Petition date.

25. 11 U.S.C. § 544(b) allows the bankruptcy trustee to use applicable state law to avoid fraudulent transfers.

26. The Michigan Uniform Fraudulent Transfer Act, MCL § 566.31 *et seq.*, ("Uniform Fraudulent Transfer Act") provides that the Trustee may avoid a fraudulent transfers if action is brought within 6 years after the claims accrue. *See*, MCL 566.39 (citing MCL 600.5813 & 600.5855).

27. That the Transfers to the Defendant constituted a fraudulent transfer pursuant to 11 U.S.C. § 548 and MCL § 566.31 *et seq*. for the following reasons:

  A. No consideration was given for the Transfers;

  B. The consideration for the Transfers that were made was inadequate;

  C. The Transfers took place at a time when the Debtor was insolvent;

  D. The Transfers occurred when the Debtor believed or reasonably should have believed that it would be unable to pay his debts as the became due;

  E. The Transfers were made with the actual intent to hinder, delay or defraud any creditor of the Debtor; and

  F. The Transfers were fraudulent as to creditors and should be avoided.

28. The Defendant did not take such Transfers for value and in good faith and did not give value to the Debtor in exchange for such Transfers.

WHEREFORE, your Plaintiff prays for relief as further set forth herein.

## COUNT IV
## RECOVERY AND TURNOVER OF VALUE OF
## AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. §§ 542 AND 550

29. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. Upon avoidance of the Transfers under this Complaint, the Plaintiff is entitled to recover the value of the Transfers from the Defendant as an initial and as an immediate or mediate transfer transferee pursuant to 11 U.S.C. § 550.

31. Pursuant to 11 U.S.C. § 542, the Plaintiff is entitled to turnover the value of the avoided Transfers as property of the estate pursuant to 11 U.S.C. § 541(a)(4).

WHEREFORE, your Plaintiff prays for relief as further set forth herein.

## COUNT V
## AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 544 *et seq*.

32. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 41 of this Complaint as though fully set forth herein.

33. The Defendant may have received other transfers that may be avoidable pursuant to 11 U.S.C. §§ 547, 548, 549 and/or applicable State Law, as may be discovered by the Plaintiff during the course of these proceedings. The Plaintiff hereby reserves his right to amend this Complaint in accordance of the avoidance power of the Trustee as set forth in Title 11 of the United States Code, to avoid any and all transfers he has the power to avoid that become known through discovery.

WHEREFORE, your Plaintiff prays for Judgment against the Defendant as follows:

A.  That this Court avoid the Transfers to the Defendant and accord such other relief as is appropriate;

B.  That this Court enter a Judgment in favor of the Plaintiff and against the Defendant in the sum of $50,658,604.54, or such other amount as is proven, plus costs, with interest at the Federal Statutory rate from the date of this Complaint is filed until the Judgment is paid in full;

C.  That this Court award your Plaintiff his costs and reasonable attorney fees incurred in connection with this proceeding;

D.  That this Court disallow any and all claims filed by the Defendant or any amounts owed to Defendant pursuant to 11 U.S.C. § 502(d) until the Transfers described herein has been returned by the Defendant to the estate; and

E.  That this Court order such other relief as it finds just and equitable.

MIKA MEYERS BECKETT & JONES PLC

Dated: January 19, 2007            By:     /s/ Mark A. Kehoe
                                       Mark A. Kehoe (P28629)
                                       Douglas A. Donnell (P33187)
                                       900 Monroe N.W.
                                       Grand Rapids, MI 49503
                                       (616) 632-8000

h:\dad\cln\cyberco\complaint - teleservices.doc