IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE HUNTINGTON NATIONAL BANK | ) | Case No.: 2:20-cv-00256-JLG-KAJ |
| | ) | |
| Plaintiff, | ) | Judge James L. Graham |
| | ) | |
| v. | ) | Magistrate Judge Kimberly A. Jolson |
| | ) | |
| AIG SPECIALTY INSURANCE COMPANY, et al., | ) ) ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM IN SUPPORT PLAINTIFF THE HUNTINGTON NATIONAL BANK'S MOTION TO PRECLUDE DEFENDANTS FROM RELYING ON EXPERT OPINIONS RELATED TO MATTERS FOR WHICH DEFENDANTS BEAR THE BURDEN OF PROOF**

**I.      INTRODUCTION.**

In their Opposition to The Huntington National Bank's ("Huntington") Motion to Preclude Defendants' Experts' Opinions (Doc. 79) (the "Opposition"), defendants AIG Specialty Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pa. (collectively "AIG") do not, and cannot, deny that AIG provided no primary expert opinions by the Court's deadline to do so. Instead, AIG seeks to circumvent that deadline and rely on primary opinions from its experts by asserting that Huntington, not AIG, bears the burden of proof on policy exclusions and AIG's affirmative defenses. AIG further asserts that, even if AIG's expert opinions are precluded, AIG can still prevail on the issues presented in the summary judgment briefing. AIG is wrong on both counts and seeks to improperly inject primary expert opinions at this late juncture only because it recognizes the record does not support its positions.

AIG also asserts that even though Huntington did not cite to its experts' opinions in its Motion for Partial Summary Judgment, Huntington covertly "used its experts' opinions" without citing to them. *See* AIG's Opposition, Doc. 79 at p. 2. In other words, AIG asks the Court to

ignore the plain language of Huntington's Motion in regard to the materials cited and, instead, to accept AIG's theory of covert citations. AIG's position ignores that the passages it references as being from Huntington's experts were, in fact, **based, in large part, on the testimony of AIG's former underwriting employees**. As such, there were no Huntington expert opinions for AIG to rebut.

Finally, AIG has failed to show that the unauthenticated and unsworn expert reports it seeks to rely on are admissible as presented or that they can be put in an admissible form.

AIG's belated attempt to rely on primary expert opinions by cloaking them in the guise of rebuttal expert opinions is improper. AIG should be precluded from relying on primary expert opinions related to issues for which AIG bears the burden of proof. Huntington's Motion to Preclude (Doc. 76) should be granted.

II.     **LAW AND ARGUMENT**.

    A.     **AIG Cannot Circumvent Its Failure To Make Primary Expert Disclosures By Improperly Attempting to Shift The Burden Of Proof To Huntington**.

AIG first attempts to remedy the consequences of its failure to make primary expert disclosures by improperly attempting to shift the burden of proof related to the exclusions and affirmative defenses on which it relies to Huntington. *See* AIG Opposition (Doc. 79) at 5–7. For several reasons, AIG's effort is unavailing.

Initially, as to most of the exclusions at issue—*i.e.*, the exclusions found in Endorsement Nos. 5, 7, and 10, and the application exclusion—**AIG does not dispute that it bears the burden of proving that they apply**. *Id.* In fact, other than rehashing the arguments from its summary briefing and saying it does not need to rely on experts to prevail, AIG does not say anything about those issues, including nothing about why it failed to make primary expert disclosures related to them. *Id.*

With respect to the only remaining exclusion—the exclusion in Endorsement No. 8 for "matters that may be deemed uninsurable" under the applicable law—AIG attempts to re-characterize the exclusion as a coverage-granting provision for which Huntington bears the burden of proof. *Id.* As explained in Huntington's summary judgment briefing, ***it is undisputed that insurance carriers***, ***such as AIG***, bear the burden of proof related to that exclusion. *See* Huntington MSJ (Doc. 71) at 26–29; Huntington Reply (Doc. 75) at 7–8; Huntington Opposition to AIG MSJ (Doc. 70) at 19–20 (citing multiple cases in support of Huntington's position).[1] AIG cites to no authority to the contrary, nor does it challenge any of the case law cited by Huntington. Thus, AIG bears the burden of proving that the exclusion contained in Endorsement 8 applies to exclude coverage.

In an additional improper effort to shift the burden of proof to Huntington, AIG argues that Huntington has not established that the underlying lawsuit at issue—namely, the Teleservices lawsuit—was first filed during the Policy Period beginning on January 1, 2007. *See* AIG Opposition at 6. AIG's argument is irrelevant to the issue before the Court because Huntington's Motion to Preclude did not address expert opinions related to this issue. And, as discussed in Huntington's reply brief in further support of its Motion for Partial Summary Judgment, AIG's experts are of no help to AIG on this issue because the undisputed record shows that the Teleservices lawsuit was not filed until January 19, 2007. *See* Huntington Reply (Doc. 75) at 7–11.

---

[1] *See also, Astellas US Holding, Inc. v. Starr Indem. & Liab. Co.*, No. 17-CV-08220, 2021 WL 4711503, at *3 (N.D. Ill. Oct. 8, 2021) (holding that the insurer had the burden of establishing that a settlement payment fell within the "uninsurable under applicable law" exception to the definition of Loss because the language was "an exclusion notwithstanding the fact that it is located in the section defining 'Loss' rather than in the 'Exclusions' section of the Primary Policy.").

3

Therefore, because AIG bears the burden of proof on the exclusions and affirmative defenses on which it bases its denial of Huntington's claim for coverage, it was required to make timely primary expert disclosures if it intended to rely on expert opinions to help sustain that burden. Having failed to do so, AIG cannot now rely on primary expert opinions in opposing Huntington's Motion for Partial Summary Judgment. Huntington's Motion to Preclude should be granted.

B. **Huntington Offered No Expert Opinions For AIG to Rebut.**

AIG claims Huntington "used its experts' opinions but failed to cite them," including related to industry custom and practice. *See* Opposition, Doc. 79 at p. 2. The passages that AIG references in this regard are set out in the table below. The table also sets out the actual bases – as opposed to AIG's imagined ones – for the passages.

| AIG's Examples Of Purported Covert Expert Opinions in Huntington's Motion for Partial Summary Judgment | The Actual Bases For The Passages AIG References |
|---|---|
| At page 2, n.1, AIG claims "[], after noting that the Huntington's application for the Policy did not contain a 'polling' provision, Huntington insists that 'AIG failed to do so even though insurers commonly include polling provision in their applications' without citing any support for this conclusion." | In support of its statement as to polling, Huntington cited to the deposition of Frank Ecker, ***AIG's former underwriter***. *See* Huntington's Motion for Partial Summary Judgment at p. 19 citing Ecker Depo. Tr. at p. 44 ("polling is for like warranties, if they provide a warranty, you will see that concept in a warranty") |
| At page 8, AIG claims that Huntington provided no support for its statement that "'[i]t is industry-standard practice for insurers wishing to condition coverage on the accuracy of their insureds' policy application to include' a warranty statement." | In support of its statement related to warranties, Huntington cited again to Mr. Ecker, ***AIG's former underwriter***, who conceded AIG used such warranty language in other policies. *See id.* at p. 39 citing Ecker Depo. Tr., at 77:12–21. Huntington also cited to Ohio case law supporting this statement. *See* cases cited in Huntington's Motion for Partial Summary Judgment at p. 38. |
| At page 9, AIG claims that "Huntington was relying on the uncited opinion of its expert when it asserted in its MPSJ that the $5 | In support of its statement related to Endorsement #7, Huntington relied on the testimony of Mr. Ecker and Mr. Caruso, ***both former underwriters*** |

| | |
|---|---|
| million limit of liability in Endorsement #7 does not apply because 'lender liability provisions, like the one at issue here, are designed to deal specifically with front-end and back-end activities.'" | ***at AIG***. Caruso Depo. Tr. at 24:2–17; Ecker Depo. at 114:6–115:12; and an article from Michael A. Rossi & Catherine L. Rivard, Why Every Financial Institution Should Have Bankers' Professional Liability Insurance, INSURANCE LAW GROUP, INC., 1–2 (2001). |

Thus, not only are the passages AIG references not attributable to Huntington's experts, ***they are actually attributable to AIG's former employees, undisputed case law and/or secondary sources.*** Just because Huntington's experts agree with the passages, does not mean that Huntington covertly advanced its experts' opinions. Similarly, the fact a custom or practice is recognized as industry custom and practice (***including by AIG's former employees),*** and also supports Huntington's position, does not change that it is AIG which bears the burden of proof related to the exclusions and affirmative defenses at issue. In short, AIG cannot advance primary expert opinions under the guise of rebuttal expert opinions where there is nothing to rebut. *Burnett v. Gallia County*, Ohio, No. 2:14-cv-2544, 2015 WL 9312106, at *2 (S.D. Ohio Dec. 23, 2015) citing Fed. R. Civ. P. 26(a)(2)(D)(ii); *Novovic v. Greyhound Lines, Inc.*, No. 2:09-CV-00753, 2012 WL 252124, at *4 (S.D. Ohio Jan. 26, 2012). Federal Rule of Civil Procedure 26(a)(2)(D)(ii) allows rebuttal expert testimony ***only*** if "the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)." *Burnett*, 2015 WL 9312106 at *2.

        C.      **AIG's Conduct Was Not Justified Or Harmless.**

Related to the above, AIG contends that Huntington has not suffered any prejudice due to AIG's last minute attempt to rely on primary expert opinions. As an initial matter, Huntington does not have to show prejudice, although it has. AIG violated the Court's rules related to expert disclosures. Rule 37(c) requires that when a party fails to disclose its primary expert opinions by the Court's deadline, "the sanction of exclusion is ***automatic and mandatory*** unless the sanctioned

5

party can show that its violation of Rule 26(a) was either justified or harmless." *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir.2003) (quoting *Vance v. United States*, No. 98-5488, 182 F.3d 920 (table), 1999 WL 455435, at *3 (6th Cir. June 25, 1999) (emphasis in original); *see also* Fed. R. Civ. P. 37(c)(1); *Piskura v. Taser Intern. Inc.*, S.D. Ohio No. 1:10-cv-248-HJW, 2013 WL 3967323, at *6 (S.D. Ohio July 31, 2013) ("The rule is intended to limit unfair surprise regarding an expert's testimony.") (internal citations omitted); *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) (noting that harmlessness is the "key under Rule 37, not prejudice" and noting that Rule 37(c) "strongly suggests that harmless involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party").

Here, AIG has not asserted, and cannot show, that its actions were harmless or justified. AIG failed to make primary expert disclosures related to issues for which it clearly bears the burden of proof. Now, having recognized that the record evidence does not support its positions, and despite Huntington having offered no expert opinions in its Motion for Partial Summary Judgment, AIG engages in verbal gymnastics and claims Huntington covertly offered expert opinions without citation and AIG is therefore permitted to improperly advance primary expert opinions after the fact under the guise of being purported rebuttal opinions. Huntington did not get to rebut AIG's primary expert opinions with rebuttal expert opinions. *See Neff v. Arnold Transportation, Inc.*, No. CV 2:19-CV-3435, 2021 WL 603271, at *2 (S.D. Ohio Jan. 6, 2021). AIG's focus solely on discovery prejudice also ignores that from an evidentiary and record standpoint, AIG seeks to have the Court consider on summary judgment information that is not properly a part of the record due to AIG's failure to both make any primary expert disclosures or properly introduce said information into the record. AIG additionally has not even attempted to dispute that its conduct eliminates the distinction between primary and rebuttal experts and renders the Court's staggered

6

expert disclosure schedule meaningless. *Id.*

AIG should be precluded from presenting expert opinions in support of its Opposition related to those issues for which AIG bears the burden of proof, including the policy exclusions (Endorsements 5, 7, 8 and 10) and its affirmative defenses.[2] If AIG sought to rely on expert opinions on issues for which it bears the burden of proof, it could have done so by making timely primary expert disclosures. AIG chose not to do so and its actions were not harmless or justified.

> **D. Because AIG Has Not Shown That The Unauthenticated And Unsworn Expert Opinions It Seeks To Rely On Constitute Proper Rule 56 Evidence, They Should Be Disregard.**

AIG cites to *Davis v. United States* for the proposition that "an unsworn expert report is inadmissible when offered by the moving party in support of its motion for summary judgment," but in contrast, if an unsworn expert report is offered by "the non-moving party" in "opposition to [a] motion for summary judgment," then the report is "proper for consideration" so long as it is "capable of being reduced to an admissible form." AIG Opposition, Doc. 79, at pp. 11-12 citing *Davis v. United States*, 302 F. Supp. 3d 951, 956 (S.D. Ohio 2017). While AIG may be the "non-moving party" with respect to Huntington's Motion for Partial Summary Judgment, AIG is seeking to interject, under the guise of opposition/rebuttal expert opinions, primary expert opinions on issues for which it bears the burden of proof and for which it failed to make a primary expert disclosure. The holding in *Davis* is not applicable.

AIG also fails to acknowledge that in a recent decision, the Court expressly held that it "should not consider" unsworn and unauthenticated evidence that was brought by the non-moving

---

[2] In its Opposition, AIG ambiguously states that "Huntington acknowledges that Defendants' expert reports actually do in fact rebut the opinions of Huntington's experts." *See* Opposition, Doc. 79, at pp.4-5. To the contrary, while Huntington does acknowledge that AIG's experts stated that their opinions are limited to being rebuttal opinions, Huntington does not concede that any of the opinions in the experts' reports are proper rebuttal opinions or withstand substantive scrutiny for the reasons discussed in Huntington's summary judgment briefing.

party in opposition to a motion for summary judgment. *Saqr v. Univ. of Cincinnati*, No. 1:18-CV-542, 2021 WL 6064354, at *6 (S.D. Ohio Dec. 22, 2021) citing *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) ("[U]nauthenticated documents do not meet the requirements of Rule 56(e)."). In *Saqr*, the court did not apply the *Davis* Court's moving party versus non-moving party dichotomy in rendering its decision just months ago (and over a decade after the 2010 amendments to Rule 56 went into effect). *Id.*

Even assuming, *arguendo*, that *Davis* applies here (which it does not), it is not Huntington's burden to determine which opinions cited will be "capable of being reduced to an admissible form" at trial. As part of the amendments to Rule 56 cited by AIG in its Opposition, parties are permitted to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." *Berg v. State Farm Mut. Auto. Ins. Co.,* No. 2:17-CV-820, 2019 WL 4751753, at *4 (S.D. Ohio Sept. 30, 2019) citing Fed. R. Civ. P. 56(c)(2). After an objection is made, as Huntington did here, the proponent, AIG, "must show that the material is admissible as presented ***or explain the admissible form that is anticipated***." *Id.* (emphasis added) (internal citations omitted).

Here, AIG has done nothing to show how its expert's primary opinions are admissible in their current or any form. Rather than citing to sworn deposition testimony from its experts or providing a sworn affidavit or declaration incorporating the specific opinions on which it relies, AIG instead submitted its experts' entire reports and improperly seeks to rely on the primary expert opinions contained therein. Even now, in its Opposition to Huntington's Motion to Preclude, AIG still has failed to address Huntington's Rule 56 objection by providing a declaration from its experts attesting to the specific opinions on which AIG seeks to rely, or, explaining how and why the primary opinions on which it seeks to rely will be admissible in another form later. To the

contrary, AIG incredibly states that any declaration from its experts would be inadmissible hearsay. *See* Opposition, Doc. 79, at 12-13. Simply put, AIG cannot ask the Court to presume that every statement in its experts' reports and, in particular, the improper primary opinions on which AIG seeks to rely, will be able to be reduced to an admissible form at trial.[3]

AIG's position that it relied on its experts to create "factual summaries" is similarly unavailing. *See* Opposition, Doc, 79, at p. 10. In essence, it is AIG's position it can introduce factual evidence by filing unauthenticated, unattested expert reports. This is not proper under Rule 56.

The unsworn expert opinions relied on by AIG in its Opposition to Huntington's Motion for Summary Judgment are not properly before the Court and should be disregarded.

### III. CONCLUSION.

For the foregoing reasons and the reasons previously set forth in Huntington's Motion, this Court should disregard the expert opinions set forth in AIG's Opposition to Huntington's Motion for Partial Summary Judgment.

---

[3] As noted by AIG, Huntington had its experts present their opinions in an admissible form by submitting declarations attesting under penalty of perjury regarding the specific opinions cited in Huntington's Opposition to AIG's Motion for Partial Summary Judgement. *See* Opposition, Doc. 79 at p. 15 n. 5; Motion, Doc. 74 at Exs. C and D. AIG's assertion that "Huntington added previously undisclosed opinions that were not contained in their actual expert reports" is erroneous and unsupported. Huntington also disagrees that the declarations its experts provided are inadmissible.

Respectfully submitted,

*/s/ Timothy R. Bricker*
Timothy R. Bricker (0061872)
(Trial Attorney)
Jennifer A.L. Battle (0085761)
CARPENTER LIPPS AND LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Telephone: (614) 365-4100
Facsimile: (614)
bricker@carpenterlipps.com
battle@carpenterlipps.com

**OF COUNSEL:**
Michael H. Carpenter (0015733)
CARPENTER LIPPS AND LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
carpenter@carpenterlipps.com

Barry I. Buchman (admitted *pro hac vice*)
Adrian Azer (admitted *pro hac vice*)
Haynes and Boone LLP
800 17th Street, N.W., Suite 500
Washington, D.C. 20006
Telephone: (202) 654-4574
Facsimile:  (202) 654-4271
barry.buchman@haynesboone.com
adrian.azer@haynesboone.com

*Counsel for Plaintiff*
*The Huntington National Bank*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically under seal on February 18, 2022. Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

*Timothy R. Bricker*
One of the Attorneys for Plaintiff
The Huntington National Bank
